**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARY HUMBERTO CLAVIJO CRUZ; JHON ERIK CLAVIJO GONZALEZ, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71183 Agency Nos. A202-176-681 A202-176-680 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,*** District Judge.

Ary Humberto Clavijo Cruz and his son, Jhon Erik Clavijo Gonzalez

(collectively "Petitioners"), natives and citizens of Colombia, petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the agency's decisions for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1. Substantial evidence supports the agency's denial of Petitioners' claims for asylum and withholding of removal because they failed to demonstrate that the Colombian government was unable or unwilling to protect them from Los Rastrojos, a criminal gang without any political leaning. *See Madrigal v. Holder*, 716 F.3d 499, 507–08 (9th Cir. 2013); *see also Reyes-Reyes v Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). Petitioners' claims that the BIA failed to consider the Colombian government's ability to protect them, and that the BIA failed to consider evidence bearing on that issue, are not supported by the record.

2. Substantial evidence supports the agency's denial of CAT protection because Petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government if returned to Colombia. *See Garcia-Milian*, 755 F.3d at 1034 (Police ineffectiveness is not enough to establish an entitlement to relief, "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations.").

3.     Substantial evidence in the record supports the conclusion that Petitioners can safely and reasonably relocate within Colombia.  *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004).

Petitioners' motion for stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED.**